# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **NORMAN W. FRIES, INC. D/B/A** ) | |
| **CLAXTON POULTRY FARMS,** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | 14-CV-02646-RBH |
| ) | |
| **NICHOLS COMPANIES OF SOUTH** ) | |
| **CAROLINA, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

On June 30, 2014, Plaintiff Norman W. Fries, Inc. d/b/a Claxton Poultry Farms ("Plaintiff") filed its Complaint on Account (Doc. No. 1) against Nichols Companies of South Carolina, Inc. ("Defendant"). Default was entered against Defendant on August 5, 2014. On August 6, 2014, Plaintiff filed its Motion for Default Judgment (the "Motion") and submitted the Affidavit of Greg Finch in Support of Motion for Default Judgment (the "Affidavit") in support of the Motion.

The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and affidavit submitted. *See* Fed. R. Civ. P. 55(b)(2)("The Court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("We do, of course, recognize that in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.");

*JTH Tax, Inc. v. Smith*, 2006 WL 1982762 at *2 (E.D. Va. 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.")

The Court has reviewed the Plaintiff's submissions, and has determined that they provide a reasonable basis upon which to rest an award of damages that is easily computable. The affidavit of Greg Finch, the Chief Financial Officer of the plaintiff, is attached to the Motion for Default Judgment now before the Court (ECF No. 12-1). In this affidavit (dated August 6, 2014) Mr. Finch states that Plaintiff's total damages are $445,671.25, consisting of $413,233.99 in principal, $32,037.26 in interest, $400 in costs, as of August 5, 2014.

> The Complaint alleges, among other things, the following:
>
> 6. On or about March 13, 2012, Plaintiff and Defendant commenced a business relationship in which the Defendant would purchase poultry and other food products from Plaintiff, as evidenced by a certain Application for Credit (the "Application") completed by Defendant and returned to Plaintiff. A true and correct copy of the Application is attached hereto as Exhibit "1."
> 7. In 2012, Plaintiff began shipping poultry to Defendant and, under the terms of the Application, extended credit to Defendant in exchange for Defendant's agreement to pay for each purchase according to the terms in effect at the time as shown on Plaintiff's invoices. Defendant paid Plaintiff's invoices as they came due until September of 2013.
> 8. At all times relevant to this matter, Plaintiff performed all conditions, covenants and promises under the Application and according to the agreement of the parties that it was obligated to perform, except for those which it was excused and/or prevented from performing.
> 9. Despite Plaintiff's performance and Defendant's obligation to pay for its purchases from Plaintiff, Defendant failed to fully pay seventeen of Plaintiff's invoices between September 3, 2013 and September 27, 2013 (the "Invoices").
> 10. As of June 27, 2014, the total amount owed on the Invoices, exclusive of attorney's fees, was $441,496.86 (the "Debt"), which consists of $413,233.99 in principal (based upon the sales price of the goods sold) and $28,272.87 in accrued interest at the rate of 8.75% per annum.

(ECF No. 1)

Based upon Defendant's default and the representations of Plaintiff contained in the Motion and supporting Affidavit, Plaintiff is entitled to entry of a default judgment against

Defendant. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion is hereby GRANTED; and it is

**FURTHER ORDERED AND ADJUDGED** that the Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts:

| | |
|---|---|
| Principal Account Balance: | $413,233.99 |
| Interest: | $32,037.26 |
| Costs: | $400.00 |
| Total: | $445,671.25 |

Said judgment shall bear post-judgment interest on the Principal Account Balance at the rate set forth in 28 U.S.C. § 1961.

SO ORDERED, this 8th day of August, 2014.

Florence, SC                    s/R. Bryan Harwell_____
                                R. BRYAN HARWELL
                                UNITED STATES DISTRICT JUDGE
                                DISTRICT OF SOUTH CAROLINA