IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| NORMAN W. FRIES, INC. D/B/A CLAXTON POULTRY FARMS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 4:14-CV-02646-RBH |
| NICHOLS COMPANIES OF SOUTH CAROLINA, INC., | ) ) ) ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

Pursuant to the stipulation and agreement of plaintiff Norman W. Fries, Inc., d/b/a Claxton Poultry Farms ("Plaintiff"), and third party Virginia Commercial Finance, Inc. ("VCF"), by and through their respective counsel, this Protective Order is entered with respect to certain confidential and proprietary documents and information relating to Nichols Companies of South Carolina, Inc. and/or its parent company or affiliates (collectively referred to as "Defendant") that may be produced by VCF in response to Plaintiff's subpoena.  For good cause shown, it is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following provisions shall govern documents and information produced by VCF in this litigation:

1.     The purpose of this Order is to protect the privacy of the parties and of third parties who may be requested or required to produce information in discovery, and the confidentiality of non-public confidential business information and private personal information of individuals and entities discussed therein, and to permit discovery to proceed with minimum discovery motions over matters of confidentiality.  This Protective Order shall apply to the contents of documents and information owned or possessed by VCF that contain or constitute "confidential information."

2.     "Information" as used herein shall mean any and all documents produced pursuant to a subpoena *duces tecum*. The documents produced by VCF which shall be confidential material may be marked or be designated or identified in writing as "CONFIDENTIAL" (collectively, "Confidential Information") when produced. VCF may designate information as "Confidential Information" that it reasonably and in good faith believes to be confidential business information or private personal information. "Confidential Information" further includes, but is not limited to, documents containing, comprising or referencing Defendant's employees' personal contact information (address and/or phone number), social security numbers, and dates of birth.

Regardless of designation, information is not confidential information if it (a) is information that is in the public domain at the time of disclosure, or becomes public information or information known in the industry, other than through an improper disclosure by the recipient; (b) is information that becomes part of the public domain through no fault of the receiving party; (c) is known to the recipient at the time of disclosure; or (d) if the recipient lawfully receives the information at a later date from a third party, provided such third party has the right to make the disclosure to the recipient.

Production of any information or document inadvertently not designated confidential shall not itself be deemed a waiver of VCF's claim of confidentiality as to such matter, and VCF may thereafter designate the same as confidential. All documents produced shall be treated as though they were confidential documents for five (5) business days after their production to allow any party to this action to designate any of such documents as may be appropriate as confidential if the producing person has not done so

3.	"Document" includes, but is not limited to, all tangible written, recorded, or graphic material, whether produced or created by VCF or another person, and whether produced pursuant to the Federal Rules of Civil Procedure or by agreement and includes, without limitation, materials concerning the Defendant's employee and/or personnel files.

4.	Nothing in this Protective Order alters any party's rights or obligations with respect to documents which are privileged or immune from discovery pursuant to an applicable privilege or immunity.

5.	Any party may subsequently waive in writing the applicability of any provision of this Protective Order with respect to any Confidential Information that they have produced in this action. This Protective Order shall not prevent any party from disclosing their own Confidential Information or restrict such party with regard to its use of such Information. Any such disclosure by a party of its own Confidential Information shall not be deemed to waive or modify the terms of this Protective Order, except as to the Confidential Information disclosed, which thereafter may not be treated as confidential by any party.

6.	Any recipient of Confidential Information agrees to exercise reasonable care with regard to the storage, custody and use of such Confidential Information so as to ensure that the confidential nature of the same is maintained.

7.	Counsel for each party and their employees may make copies of documents designated as Confidential Information. Such copies are to be handled as provided for herein.

8.	Following the termination of the above-captioned action, this Protective Order shall continue to be binding upon all attorneys of record and the persons to whom Confidential Information has been disclosed as provided for herein.

9. Nothing herein shall affect any person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any person's right to seek the production of documents, testimony, or any other information from any other source. Nor shall this Order or any action taken pursuant to this Order impair or prejudice the right of any party to contest the admissibility of any information.

10. Nothing herein shall be construed as requiring the production of privileged or otherwise protected documents or information.

11. This Protective Order may be modified at any time upon agreement of the parties and by the Court.

12. If any party disagrees with a confidentiality designation, the parties will first try to promptly and diligently resolve such dispute in good faith. If the parties have not resolved the matter within five business days of the giving of notice of dispute, the objecting party may object in writing to the designating party. The objecting party may file a motion with the Court for an order to remove the designation of "Confidential." The designating party will be served with a copy of such motion when it is filed. The Party challenging the designation of "Confidential" information will bear the burden of proving that the information was designated improperly. During the pendency of such challenge, the receiving party shall treat the information as confidential pending resolution by the Court. A Party will not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so will not preclude a subsequent challenge. In an urgent situation, either party may file a motion as to the

application of this Order without regard to the time limits and procedures set forth above.

SO ORDERED this 27th day of March, 2015.

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

**CONSENTED TO BY:**

**BLUESTEIN, NICHOLS, THOMPSON & DELGADO, LLC**
*/s/ J. Clarke Newton*
J. Clarke Newton
Fed Ct ID # 11598
Post Office Box 7965
Columbia, South Carolina 29202
Phone: (803) 779-7599
Fax: (803) 779-8995
cnewton@bntdlaw.com

**JONES & WALDEN, LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
Admitted Pro Hac Vice
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
(404) 564-9301 Facsimile
*Attorney for Plaintiff*

**WILLIAMS MULLEN, P.C.**
*/s/ Turner A. Broughton*
Turner A. Broughton (with express permission by Leon S. Jones)
VSB #42627
200 South 10th Street, Suite 1600
P.O. Box 1320
Richmond, Virginia 23218-1320
(804) 420-6926
*Attorney for VCF*